UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

MICHAEL BROWN,                           )
                                         )
            *Petitioner*,                )
                                         )        4:03-cv-81
v.                                       )        *Mattice*
                                         )
                                         )
KEVIN MYERS, Warden,                     )
                                         )
            *Respondent*.                )


## MEMORANDUM


This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by

petitioner Michael Brown ("Brown"). The matter is before the Court on the respondent's

answer to the petition, as supplemented by Brown, and Brown's response. For the following

reasons, the petition for the writ of habeas corpus will be **DENIED** and this action

**DISMISSED WITH PREJUDICE**.

# I. STANDARD OF REVIEW

Under Rule 8 of the Rules Governing Section 2254 Cases In The United States District Courts, the Court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the record shows conclusively that Brown is not entitled to relief under § 2254, there is no need for an evidentiary hearing and the petition should be denied. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

# II. FACTUAL BACKGROUND

The respondent has provided the Court with copies of the relevant documents as to Brown's direct appeal and post-conviction proceedings. [Court File No. 6, Notice of Filing Documents, Addenda 1-15; Court File No. 17, Supplemental Notice of Filing Documents, Addenda 16 -19]. Brown was convicted by a jury in the Circuit Court of Lincoln County, Tennessee of one count of sale of cocaine. He was sentenced as a Range II offender to twenty years in the Tennessee Department of Correction. The conviction was affirmed on direct appeal. *State v. Brown*, No. 01C01-9711-CC-00518, 1999 WL 743610 (Tenn. Crim. App. September 24, 1999) [Addendum 1]. The Tennessee Court of Criminal Appeals summarized the evidence against Brown as follows:

In January 1995, TBI Agent Patrick Howell was assigned to assist the 17th Judicial District Drug Task Force in the surveillance and purchase of drugs in Lincoln County. Also assigned to the Drug Task Force were Agents Robert Brisco and Ray Brisco who were employed as deputies with the Lincoln County Sheriff's Department. Agents Robert Brisco and Ray Brisco contacted Francine Strong, who was acting as a confidential informant for the Drug Task Force, to arrange a large purchase of cocaine for an undercover agent. On Wednesday, January 25, 1995, Francine Strong succeeded in setting up a "drug buy" at Sandra Oden's residence at the Oak View Apartments in Fayetteville. Special Agent Howell, outfitted with an audio transmitter and a tape recorder, met Strong and Oden at a local convenience store and rode to the Oak View Apartments in Strong's vehicle. Strong advised Agent Howell that she and Oden had arranged for the appellant to meet Howell that evening for the purpose of selling an eight-ball (1/8 ounce) of crack cocaine. Strong added that the appellant wanted $175 for the drugs. Upon arriving at the apartment complex, Agent Howell was directed to Strong's apartment; fifteen minutes later, he was instructed to go down the stairway to Oden's apartment. Several other people who were unknown to Agent Howell were also present in the apartment. Agent Roy Brisco and Agent Robert Brisco set up surveillance in the parking lot outside the apartment. Shortly thereafter, Strong advised Agent Howell that the appellant had pulled in the parking lot. At that time, an unidentified black female, identified at trial as Beverly Brown, left the apartment. Several minutes later, the female returned to the apartment accompanied by the appellant. Agent Robert Brisco, who was outside at the time, later confirmed that the appellant arrived in a Cadillac and that a black female approached the vehicle.

Once in the apartment, the appellant gave the cocaine to Strong. Agent Howell instructed Strong "to let [him] examine it." "[He] looked at it. Then [he] asked [the appellant] what the price was [ ... "if it was $150."] ["[The appellant] told [Howell] that he was incorrect] ... the price would be $175." Agent Howell then asked the appellant if he had five dollars change and handed the appellant $180 cash. The appellant gave Agent Howell five one dollar bills in return. Within three minutes, the appellant left the apartment. The entire transaction lasted about six to eight minutes.

At trial, the testimony and evidence presented by the State confirmed that the substance sold to Agent Howell for $175 was 3.1 grams of "cocaine base; " enough cocaine for 25 to 50 uses. The jury was also informed that Francine Strong was a confidential informant for the Lincoln County Drug

Task Force. She testified that she agreed to "work" for the task force in exchange for a suspended sentence arising from drug-related charges against her. Strong stated that Beverly Brown, who was present at the time of the undercover transaction and was the female who accompanied the appellant into the apartment, did not know anything of the arranged sale. She added that Ms. Brown was a relative of the appellant. In addition to Agents Howell's and Brisco's identifications of the appellant, Strong also made an in-court identification of the appellant. Sandra Oden, also a confidential informant, could not make a positive identification of the appellant as the person engaged in the drug transaction with Agent Howell on January 25. She explained that "[she] was really on drugs, and [she] just really didn't care about faces."

*Id.*, 1999 WL 743610 at **1-2.

Based upon this information, the jury found Brown guilty of class B sale of cocaine. Brown then filed a *pro se* petition for post-conviction relief [Addendum 17, vol. 1, p. 2], which was amended by appointed counsel [*id.* at 16]. The post-conviction petition was denied after an evidentiary hearing [Addendum 17, vol. 2], and the Tennessee Court of Criminal Appeals affirmed. *Brown v. State*, No. M2001-00917-CCA-MR3-CD, 2002 WL 1827560 (Tenn. Crim. App. August 8, 2002), *perm. app. denied, id.* (Tenn. December 2, 2002) [Addendum 2].

Brown next filed a petition for writ of error *coram nobis* or, in the alternative, to reopen the petition for post-conviction relief [Addendum 12], which was denied and the Tennessee Court of Criminal Appeals affirmed. *Brown v. State*, No. M2003-00308-CCA-R28-CO (Tenn. Crim. App. June 10, 2003) [Addendum 3]. Finally, Brown filed a state habeas corpus petition [Addendum 18], which was also denied, and the Tennessee Court of

Criminal Appeals again affirmed. *Brown v. State*, No. M2003-02955-CCA-R3-HC (Tenn. Crim. App. November 9, 2004) [Addendum 4].

In support of his federal petition for the writ of habeas corpus, Brown alleges eleven grounds for relief. The respondent contends he is entitled to judgment as a matter of law as to each claim based upon the findings of the Tennessee state courts. In a supplement to the habeas petition, Brown alleges a twelfth ground for relief, to-wit, that he is entitled to relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

## III.  REVIEW OF STATE COURT FINDINGS

Pursuant to 28 U.S.C. § 2254(d), Brown may not obtain federal habeas corpus relief with respect to a claim that was adjudicated on the merits in a state court proceeding unless the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was not reasonably supported by the evidence presented to the state court. In addition, findings of fact by a state court are presumed correct and Brown must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e).

The United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), clarified the distinction between a decision "contrary to," and an "unreasonable application

of," clearly established Supreme Court law under § 2254(d)(1). A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision "involves an unreasonable application of clearly established Federal law" only where "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

IV. **ANALYSIS**

As noted, Brown has alleged twelve grounds for relief. The court will consider each in turn.

A.   The prosecution committed plain error and prosecutorial misconduct when it failed to disclose before trial a specific request for the names of all persons who were present at the time the charged offense allegedly took place.

Brown alleges that although his attorney filed a request for discovery with a specific request for the names of all persons who were present at the time the charged offense took

place, the prosecution failed to honor the request. According to Brown, the prosecution's failure in this regard hampered his attorney's ability to investigate the case.

Brown raised this issue on direct appeal and specifically alleged that the State failed to reveal the identity of Beverly Brown as a person present at the time of the alleged offense who would have provided information exonerating Brown. The Tennessee Court of Criminal Appeals noted that "at the motion for new trial, the appellant submitted, in an offer of proof, the affidavit of Ms. Brown stating that the appellant was not the person who sold drugs to Agent Howell." *State v. Brown*, 1999 WL 743610 at *3 n.3.

Because Brown did not include this issue in his motion for new trial and raised it for the first time on direct appeal, the appellate court considered it within the context of plain error review. In that context, the issue is considered waived unless it constituted plain error. *Id.* at *2. The court set forth the standard for a plain error review as follows:

> In determining whether an error constitutes plain error, the reviewing court must consider the following factors:
>
> > (a) the record must clearly establish what occurred in the trial court;
> > (b) a clear and unequivocal rule of law must have been breached;
> > (c) a substantial right of the accused must have been adversely affected;
> > (d) the accused did not waive the issue for tactical reasons; and
> > (e) consideration of the error is "necessary to do substantial justice."

*Id.* at **2-3 (quoting *State v. Adkisson*, 899 S.W.2D 626, 641-42 (Tenn. Crim. App. 1994) (footnotes omitted)).

The court first observed that, although the Tennessee Rules of Criminal Procedure do not encompass the discovery of potential witnesses, "the State is required pursuant to *Brady v. Maryland*, [373 U.S. 83, 87 (1963)], to divulge information that is favorable to the accused." *Id*. at *3 n.2. The court then determined that the State's failure to disclose the identity of Beverly Brown did not constitute plain error.

> There is no general constitutional right to discovery in a criminal case, and the State is not obliged to make an investigation or to gather evidence for the defendant. A distinction exists between a statutory right to discovery and the constitutional right to the production of exculpatory evidence. Unless the omission deprived the defendant of a fair trial by failing to provide favorable evidence, there is no constitutional violation requiring that the verdict be set aside, and there is no breach of the prosecutor's constitutional duty to disclose. The State had three witnesses who could positively identify the appellant as the seller. Prior to and during the appellant's trial, there is no indication in the record that the identity of Ms. Brown, who was not called as a witness at trial, was potentially favorable information for the defense. Thus, we decline to determine this issue under plain error.

*Id*. at *3 (internal citations omitted). In doing so, the court noted "that Ms. Brown's statement exonerating the appellant, a relative of Ms. Brown, was not made until January 14, 1997, two years after the offense occurred." *Id*. n.3

In *Brady*, the United States Supreme Court held "that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. "Favorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been

8

different.'" *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

The court has reviewed the entire record in this case. As the Tennessee Court of Criminal Appeals observed, three witnesses positively identified Brown as the person who sold the crack cocaine to Agent Howell. Ms. Brown did not testify at either the trial or the post-conviction hearing; rather, she merely proffered an affidavit exonerating Brown two years after the offense occurred. Under the circumstances, the appellate court's findings are supported by the record. The court's conclusions were neither contrary to, nor did they involve an unreasonable application of, federal law under the standard established in *Brady*.

B. <u>The prosecution committed plain error when it violated T.C.A. § 39-16-107 and T.C.A. § 39-16-507 by bribery and coercion of State's witness Francine Strong</u>.

Brown alleges that the State's promises of leniency and threats to witness Francine Strong violated state and federal law. This issue was also raised first on direct appeal and considered by the Tennessee Court of Criminal Appeals in the context of plain of error review.

> The appellant next asserts that "the State violated [Tenn. Code Ann.] §§ 39-16-107 [and 39-16-507] by offering, conferring or agreeing to confer anything of value to the witness [Francine Strong] in exchange for the giving of trial testimony." The only support for his position is an affidavit of Francine Strong, signed two years after the date of the offense, recanting her testimony at trial. This affidavit was entered in an offer of proof at the appellant's motion for new trial.

9

At the appellant's trial, the jury was aware of Strong's criminal history and her cooperation with the Drug Task Force in exchange for a suspended sentence. Provided with this knowledge, it was the jury's function as the sole judges of the credibility to weigh any bias or motive for her testimony and ascertain the truth of the informant's account in light of all the circumstances. Her subsequent affidavit does not offer anything more than what was before the jury at the time of the trial regarding the motivation for Strong's testimony. Thus, the issue is one of Strong's credibility and does not affect a substantial right of the appellant. This issue is waived.

*State v. Brown*, 1999 WL 743610 at *4.

Brown raised this issue in the Tennessee Court of Criminal Appeals as a matter of state law only. [Addendum 5, Brief of Appellant, pp. 11-13]. As such, "it is not cognizable in a federal habeas corpus proceeding." *Spalla v. Foltz*, 788 F.2d 400, 405 (6th Cir. 1986). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); *Lewis v. Jeffers*, 497 U.S. 764, 779 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995) ("Errors of state law alone cannot form the basis of relief under federal habeas corpus."). Accordingly, the conclusions of the Tennessee Court of Criminal Appeals were neither contrary to, nor did they involve an unreasonable application, of federal law.

C. The prosecution committed plain error and prosecutorial misconduct when it failed to produce for inspection Jencks[1] material of its witness, Agent Robert Briscoe.

D. The trial court committed plain error when it failed to impose any sanctions against the prosecution when it withheld Jencks material of its witness Robert Briscoe.

In these two claims, Brown alleges that he should have been provided *Jencks* material after Agent Brisco testified, that the prosecution erred in failing to produce the material, and that the trial court erred in failing to impose sanctions against the prosecution for withholding the material. This issue was likewise raised for the first time on direct appeal. The Tennessee Court of Criminal Appeals refused to review the issue for plain error.

> The appellant next contends that the State's failure to provide him with *Jencks* material and the trial court's inaction thereupon denied him a fair trial. We reject review of this issue as plain error. Because the original *Jencks* opinion was founded on the United States Supreme Court's supervisory powers, and not on constitutional grounds, a denial of that right does not, per se, result in constitutional error. Thus, this issue is also waived.

*State v. Brown*, 1999 WL 743610 at *4 (internal citations omitted).

In *Jencks v. United States*, 353 U.S. 657, 667-72 (1957), the United States Supreme Court held that a criminal defendant had a due process right to inspect, for impeachment purposes, prior statements that a government witness had made to a government agent. The Tennessee Court of Criminal Appeals correctly observed, however, that *Jencks* was founded on the Supreme Court's supervisory powers, and not on constitutional grounds.

---

[1] *Jencks v. United States*, 353 U.S. 657 (1957).

Exercising our power, in the absence of statutory provision, to prescribe procedures for the administration of justice in the federal courts, this Court, on June 3, 1957, in *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, decided that the defense in a federal criminal prosecution was entitled, under certain circumstances, to obtain, for impeachment purposes, statements which had been made to government agents by government witnesses.

*Palermo v. United States*, 360 U.S. 343, 345 (1959). Thus, the Tennessee appellate court's conclusion that Brown was not entitled to relief on his *Jencks'* claims was neither contrary to, nor did it involve an unreasonable application, of federal law.

E.  The prosecution committed plain error during closing arguments when the prosecutor vouched for the prosecution's witness identification of the appellant.

Brown complains of the following statement by the prosecutor during closing argument: "And I know that Brisco had seen him any number of times, and he identified him as having seen him that night and had seen him the day before. This is not, ladies and gentlemen, a case of mistaken identity." [Addendum 16, vol. 4, p. 68]. According to Brown, this comment, with respect to the prosecutor's personal knowledge, constituted improper vouching for the witness.

The Tennessee Court of Criminal Appeals disagreed:

From our review of the record, it is clear that the prosecutor was not inserting any personal accreditation to the witness's identification. The comment by the prosecutor merely reiterated the witness's testimony that he had seen the appellant the night of the offense and the day before, *i.e.*, a

number of times. Thus, we conclude that the prosecutor's comment does not serve as a basis for a new trial. This issue is without merit.

*State v. Brown*, 1999 WL 743610 at *5.

It is well established that a prosecutor should not personally vouch for the credibility of his witnesses.

> Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the office of the [prosecutor] behind that witness. Generally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony.

*United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999) (internal citations omitted).

In order for a habeas petitioner to obtain relief on a claim of prosecutorial misconduct, the misconduct must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "Before habeas relief is granted, the prosecutor's statements must be so egregious as to render the trial fundamentally unfair. This determination is to be made by evaluating the totality of the circumstances surrounding each individual case." *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982) (internal citation omitted).

Under the circumstances, this Court agrees with the Tennessee appellate court. The prosecutor's comment did not render the trial fundamentally unfair, but rather was a permissible description of the evidence. Thus, the conclusion of the Tennessee Court of

Criminal Appeals was neither contrary to, nor did it involve an unreasonable application of, federal law as established in *Darden v. Wainwright*.

F. The trial court committed plain error when it failed to give a lesser included offense jury instruction.

Brown alleges the trial court should have instructed the jury as to lesser included offenses. Presumably he is claiming, as he did on direct appeal, that the jury should have been instructed as to the lesser offense of casual exchange.

> Next, the appellant contends that the trial court's failure to instruct the jury on the lesser offense of casual exchange denied him his constitutional right to trial by jury. A trial court must fully instruct the jury on the general principles of law relevant to the issues raised by the evidence, including instructions on lesser offenses included in the indictment. This obligation includes giving instructions on lesser offenses included in the indictment, without any request on the part of the defendant. However, there is no constitutional right to a jury instruction on a lesser offense in every case. Thus, where there is no proof in the record to support the instruction, no jury instruction on the lesser offense need be submitted.

> It may be inferred from the amount of a controlled substance possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance was possessed for the purpose of selling. It may likewise be inferred from circumstances indicating an exchange of a small amount of a controlled substance that the controlled substance exchanged was not possessed for the purpose of selling. Indeed, a casual exchange is one that occurs without design; it contemplates a spontaneous passing of a small amount of drugs, for instance, at a party. In the present case, Agent Howell purchased $175 worth of cocaine as part of an undercover drug transaction set up by a confidential informant. The evidence is overwhelming that the transaction in the present case was a designed sale. There is no evidence of a casual exchange. Under similar circumstances, this court has previously refused to require that the jury be instructed as to simple possession as a lesser

14

included offense. The trial court was not required to instruct the jury on the lesser offense. This issue is without merit.

*State v. Brown*, 1999 WL 743610 at *5 (internal citations omitted).

Brown raised this issue in the Tennessee Court of Criminal Appeals as a matter of state law only. [Addendum 5, Brief of Appellant, pp. 21022]. As noted earlier, an error of state law does not state a claim for federal habeas corpus relief. Accordingly, the conclusions of the Tennessee Court of Criminal Appeals were neither contrary to, nor did they involve an unreasonable application of, federal law.

 

G.    <u>The evidence was insufficient as a matter of law to allow a rational trier-of-fact to conclude that the defendant was guilty of the convicted offense.</u>

 

The Tennessee Court of Criminal Appeals also considered and rejected this claim on direct appeal:

> In his final issue, the appellant challenges the sufficiency of the evidence supporting his conviction. Specifically, he contends that (1) Agent Howell's testimony regarding the "general practice" and procedures of the TBI were not followed because Howell failed to make several purchases from the target in order to properly identify the supplier; (2) the State failed to show that Agent Howell was issued $180 dollars to make the alleged purchase; (3) the State failed to prove that the appellant received any money from Agent Howell; (4) the State failed to show that any exchange of money for drugs occurred between the appellant and any of the prosecution witnesses; (5) confidential informant Francine Strong gave false testimony at trial; and (6) conflicts existed in the testimony of State's witnesses.

> Once the accused is convicted of an offense, the presumption of innocence once attached to him is replaced with one of guilt, so that on appeal he has the burden of demonstrating that the evidence is insufficient. On appeal,

this court neither reweighs nor reevaluates the evidence. Furthermore, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. If the evidence, viewed under these standards, is sufficient for any rational trier of fact to have found the essential elements of the offenses beyond a reasonable doubt, then this court must affirm the conviction.

The jury found the appellant guilty of sale of cocaine over one-half gram in violation of Tenn. Code Ann. § 39-17-417(a)(3), (c)(1) (1995 Supp.). In order to convict under this statute, the State must prove that the accused knowingly sold a controlled substance, cocaine, in an amount equal to or greater than one-half gram. The substance and quantity of the sale are not disputed. Moreover, Agents Howell and Brisco and confidential informant Francine Strong positively identified the appellant as being the person who sold an "eight ball" of cocaine to Agent Howell on January 25, 1995. Questions involving the credibility of eyewitness testimony identifying the accused as the perpetrator of the indicted offense are for the jury's determination and not this court's. Accordingly, the appellant has failed to show that the evidence at trial is insufficient for any rational trier of fact to find the essential elements of this offense beyond a reasonable doubt. This issue is without merit.

*State v. Brown*, 1999 WL 743610 at *6 (internal citations and footnote omitted).

In a federal habeas corpus proceeding in which a state prisoner challenges the sufficiency of the evidence supporting his conviction, the petitioner "is entitled to a determination whether the record evidence could support a finding of guilt beyond a reasonable doubt." *Moore v. Duckworth*, 443 U.S. 713, 714 (1979). Brown is entitled to habeas relief, however, only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). *See Brofford v. Marshall*, 751 F.2d 845, 856 (6th Cir. 1985).

When reviewing a jury's verdict under a sufficiency of the evidence standard, a court must consider all the evidence in a light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. at 319. Witness credibility is an issue to be left solely within the province of the jury, *Deel v. Jago*, 967 F.2d 1079, 1086 (6th Cir. 1992); *United States v. Schultz*, 855 F.2d 1217, 1221 (6th Cir. 1988), and substantial deference should be given to the trier of fact. *United States v. Ayotte*, 741 F.2d 865, 867 (6th Cir. 1984). "[T]he federal court sitting in habeas should not attempt to substitute its own opinion for that of the jury which convicted the petitioner." *York v. Tate*, 858 F.2d 322, 329 (6th Cir. 1988). A conviction should be affirmed if *any* rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Bourjaily*, 781 F.2d 539, 544 (6th Cir. 1986), *aff'd*, 483 U.S. 171 (1987).

This court has reviewed the transcript of the guilt phase of Brown's trial [Addendum 16, vol. 5, Transcript of Evidence, pp. 1-93] and finds the decision by the Tennessee Court of Criminal Appeals is supported by the record. The decision was neither contrary to, nor did it involve an unreasonable application of, federal law as established in *Jackson v. Virginia*.

H. The trial court erred by failing to find the petitioner's trial counsel ineffective when:

    1. Defendant's trial counsel was ineffective because he failed to properly advise Mr. Brown regarding his right to testify.

2. Trial counsel provided ineffective assistance by failing to timely interview witnesses and adequately confer with Mr. Brown.

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Brown must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant so as to render the conviction unreliable. *Id*. at 691-92.

In post-conviction proceedings, Brown alleged several instances of ineffective assistance of counsel, including the two listed here. With respect to the decision whether to testify at trial, Brown claimed he was not properly advised by counsel. [Addendum 17, vol. 2, Transcript of the Evidence, pp. 18-21, 36-40]. The Tennessee Court of Criminal Appeals correctly summarized Brown's testimony at the post-conviction evidentiary hearing as follows:

> When Agent Howell and Ms. Strong testified at the trial that the petitioner sold cocaine to Howell, the petitioner wanted to testify so he could deny that he was present. He claimed he was frustrated in his bid to testify by his counsel, who did not confer with him about testifying. He asserted that counsel did not advise him about testifying and did not tell him that it was his decision; however, he admitted on cross-examination that he knew that he had the right to testify and to decline to testify and that he did not tell Mr. Barrett that he wished to testify. The petitioner testified at the post-conviction hearing that, at trial, Mr. Barrett failed to advise him that some, if not all, of the prior convictions were inadmissible for impeachment purposes. He asserted that the prior convictions would "taint the whole trial [and he] would have been found guilty based on something [he] was allegedly ... convicted of years ago."

*Brown v. State*, 2002 WL 1827560 at *2.

Brown's trial attorney, Lionel L. Barrett, Jr., contradicted Brown's allegations and testified that they thoroughly discussed whether Brown should testify. [Addendum 17, vol. 2, Transcript of the Evidence, pp. 106-108].

> Mr. Barrett was "certain" that both prior to and during the trial he discussed the issue of testifying with the petitioner. Mr. Barrett advised the petitioner that, although it was the petitioner's decision, he should not testify. At the evidentiary hearing, Mr. Barrett opined that not testifying was the proper decision regardless whether the petitioner's prior drug convictions could be used to impeach him. Mr. Barrett believed that the petitioner's demeanor while testifying would have alienated the jury.

*Brown v. State*, 2002 WL 1827560 at *3.

The Tennessee Court of Criminal Appeals first determined that Brown had failed to

demonstrate that his attorney's conduct was deficient. *Id.* at *8. The appellate court further

concluded that, in any event, Brown could not demonstrate prejudice.

> Counsel's opinion that the petitioner's trial testimony would have alienated the
> jury is somewhat borne out by the tenor of the petitioner's post-conviction
> testimony that revealed a penchant for blaming others for his criminal
> behavior. At any rate, the evidence against him at trial was strong, and in his
> post-conviction bid, he has not shown that his testifying at trial would probably
> have produced a different result.

*Id.* at *9 (footnote omitted).

With respect to Brown's claims that his attorney failed to interview witnesses prior to

trial and failed to adequately confer with Brown, the Tennessee Court of Criminal Appeals

summarized, and rejected, the claims as follows:

> The petitioner's appellate complaint about counsel's failure to interview
> witnesses is that Francine Strong testified at the post-conviction hearing that,
> had defense counsel interviewed her prior to trial, she would not have yielded
> to the pressure that law enforcement officers brought to bear on her to identify
> the petitioner as the man who sold drugs to Agent Howell. The flaw in this
> claim is that, following the evidentiary hearing, the post-conviction judge
> specifically found that Francine Strong was not a credible person. We defer to
> that credibility assessment. Moreover, the petitioner was identified not only by
> Strong but also by Agent Howell, whose identification of the petitioner was
> reaffirmed at the evidentiary hearing. Thus, even if trial counsel was remiss in
> not interviewing Ms. Strong before the day of trial, the petitioner has
> demonstrated no prejudice.
>
> The petitioner's last claim of ineffective assistance of counsel is that
> Mr. Barrett failed to adequately meet with him prior to trial, keeping him in the
> dark about the state's prospective proof until four days prior to trial. Mr.
> Barrett testified that he had between five and ten pretrial conversations with

the petitioner, including an extensive meeting on Thursday before the Monday trial. At this meeting, counsel played the drug transaction tape for the petitioner and reviewed with him information about the state's case which he had gleaned from responses to his discovery and bill-of-particulars motions. Counsel testified that he and the petitioner "had a meeting of the minds as to probably what the general nature of the testimony would be." Counsel testified that the pretrial assessment of the prospective evidence turned out to be generally accurate. Counsel told the petitioner what "the strengths and weaknesses of our case [were]." He testified that the petitioner is "intelligent[,] ... pretty knowledgeable ... [, and] we had a meaningful conversation."

The post-conviction court accredited Mr. Barrett's testimony and said, "[T]he long and short of it is that Mr. Barrett was prepared for trial" and "his consultation with his client was adequate and falls within the range of competence as demanded by Baxter v. Rose ." The evidence in the record does not preponderate against the court's factual findings, and we agree that, based upon the facts as found, trial counsel's performance met the applicable standard for effective assistance.

Therefore, finding that the lower court's denial of post-conviction relief is supported by the record, we affirm.

*Id.* at **9-10.

In considering Brown's claims of ineffective assistance of counsel, the Tennessee Court of Criminal Appeals first noted that *Strickland v. Washington* established the standard for evaluating such claims. This Court has reviewed the record of Brown's post-conviction proceedings; the findings of the Tennessee courts are supported by the record. Based upon the foregoing, this court concludes that the state courts' determinations that Brown received the effective assistance of counsel were neither contrary to, nor did they involve an unreasonable application of, federal law as established by the United States Supreme Court in *Strickland v. Washington.*

I.    The trial court erred by limiting the issues addressed and failing to dispose of each and every claim.

This issue goes to the fact that the trial court at the post-conviction evidentiary hearing limited Brown to the claims of ineffective assistance of counsel set forth in his amended post-conviction petition and would not consider claims of ineffective assistance of counsel alleged in the original *pro se* petition. [Addendum 17, vol. 2, Transcript of the Evidence, p. 117]. The Tennessee Court of Criminal Appeals held that an attorney's amendment to a *pro se* post-conviction petition supplements, rather than restates, the original petition. *Brown v. State*, 2002 WL 1827560 at *6. "Based upon this view of the amended petition, the petitioner was empowered to present all issues raised in both documents, at least up to the point that counsel identified the issues at the commencement of the hearing." *Id.* Nevertheless, the appellate court "conclude[d] that when counsel framed the issues at the commencement of the hearing, he effectively abandoned the issues not mentioned, as the post-conviction court essentially ruled." *Id.* at *7.

Brown's complaint that the trial court erred in limiting the issues in post-conviction proceedings does not state a claim of constitutional dimension.

> Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.

22

*Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) (citations omitted). *See also Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *Williams v. State of Missouri*, 640 F.2d 140, 143 (8th Cir. 1981). Accordingly, the conclusion of the Tennessee Court of Criminal Appeals was neither contrary to, nor did it involve an unreasonable application of, federal law.

      J.     The State's highest appellate court violated petitioner's right to equal protection and to due process under the laws of the State of Tennessee and under the Tennessee and United States Constitutions.

Underlying this claim is Brown's allegation that the trial court failed to comply with the requirement in the Tennessee Post-Conviction Act that the court must recite all grounds presented to the court and state the findings of fact and conclusions of law as to each ground. Brown thus contends that the Tennessee Court of Criminal Appeals should have remanded the case back to the trial court for a full and fair hearing on all issues. As noted above in section IV.I., however, any alleged error in state post-conviction proceedings does not state a claim for federal habeas corpus relief.

      K.     The trial court erred when it denied petitioner's petition for writ of coram nobis or in the alternative petition to reopen petition for post-conviction relief and the State appellate court erred when it failed to remand petitioner's case back to the trial court for a full and fair evidentiary hearing based on the merits of the newly discovered evidence and on the claims alleged in petitioner's petition.

Brown alleges that after the trial and the post-conviction hearing, newly discovered evidence from a T.B.I. memorandum revealed that State's witness Patrick Howell was tampering with evidence in criminal cases, stealing cocaine from the T.B.I. evidence vault, and using drugs. Brown thus argues that the state courts should have given him a new trial since he was convicted on the uncorroborated testimony of a crooked agent. The Tennessee Court of Criminal Appeals rejected this claim.

> Appellant bases his application for permission to appeal on the argument that he has new evidence that would have led to a different result at trial. Specifically, appellant contends that the investigation and subsequent charges of drug use by TBI Agent Patrick Howell amount to prosecutorial conduct that should result in the setting aside of his conviction. However, the documents appellant attached to his application show that any misconduct by Agent Howell of taking evidence from cases and using the drugs for his personal benefit dated back to 1997 or 1998. Appellant was convicted based on a January 1995 transaction.

*Brown v. State*, No. M2003-00308-CCA-R28-CO (Tenn. Crim. App. June 10, 2003) [Addendum 3].

A petition for writ of error *coram nobis* is in the nature of a post-conviction proceeding. Thus, as noted previously, any alleged error is not cognizable in a federal habeas corpus proceeding. The conclusion of the Tennessee Court of Criminal Appeals was neither contrary to, nor did it involve an unreasonable application of, federal law.

L.  In light of the Supreme Court ruling in Apprendi v. New Jersey, 120 S.Ct. 2348 (6-26-2000), the maximum 20 year sentence imposed based on factors other than prior convictions that were not part of the evidence considered by the jury is invalid.

Brown was sentenced to the maximum term of imprisonment of 20 years, based upon his prior convictions and the fact that the offense was committed while he was on parole; the trial court also found that the potential for bodily injury to a victim was great because of the quality of the cocaine. [Addendum 16, vol. 5, Transcript of the Evidence, pp. 106-109]. Brown now claims his sentence is invalid based upon the decisions of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

In *Apprendi*, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490. *Apprendi* cannot afford Brown relief, however, because it does not apply retroactively. *Goode v. United States*, 305 F.3d 378, 381 (6th Cir.), *cert. denied*, 537 U.S. 1096 (2002).

Similarly, in *Blakely*, the Supreme Court again considered sentence enhancements. As with *Apprendi*, however, *Blakely* likewise does not apply retroactively. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted).

## V.    CONCLUSION

Brown's instant petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. Brown having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** Brown leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

Harry S. Mattice, Jr.
UNITED STATES DISTRICT JUDGE